# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

TERI RAYBURN,

    Plaintiff,

v.

SEAWORLD PARKS & ENTERTAINMENT, INC.; and DOES 1 TO 25, inclusive,

    Defendants.

37-02024-00011285-CU-PO-CTL

Case No.: 24-cv-02051-H-BJC

**ORDER GRANTING JOINT MOTION TO REMAND ACTION BACK TO STATE COURT**

[Doc. No. 5.]

    On October 1, 2024, Plaintiff Teri Rayburn filed a complaint in the Superior Court of California, County of San Diego against Defendant SeaWorld Parks & Entertainment, Inc, alleging claims for general negligence and premises liability. (Doc. No. 1, Compl.) On October 31, 2024, Defendant removed the action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441, 1446 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. No. 1, Notice of Removal.)

    On December 13, 2024, the parties filed a joint motion to remand the action back to state court. (Doc. No. 5.) In the joint motion, the parties stipulate that plaintiff's damages are limited and capped at $74,999.99, and, therefore, the Court now lacks subject matter jurisdiction over the action, and the case should be remanded to state court. (Id. ¶¶ 6, 9-19.) For good cause shown, the Court grants the joint motion, and the Court remands the

action back to the Superior Court of California, County of San Diego. See <u>Canela v. Costco Wholesale Corp.</u>, 971 F.3d 845, 849 (9th Cir. 2020) ("Traditional diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000." (citing 28 U.S.C. § 1332(a))); <u>Hansen v. Grp. Health Coop.</u>, 902 F.3d 1051, 1056 (9th Cir. 2018) ("Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization."). The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

DATED: December 16, 2024

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT